IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

|  |  |
|---|---|
| IN RE: : | |
| : | |
| BARBARA JOYCE REAVES SMITH, : | |
| : | |
| Debtor. : | |
| ──────────────────────────── : | |
| : | |
| VINCE FARIDANI, : | |
| : | **BANKRUPTCY APPEAL** |
| Plaintiff-Appellant, : | **CASE NO: 7:24-cv-86–WLS** |
| : | |
| v. : | |
| : | |
| BARBARA JOYCE REAVES SMITH, : | |
| : | |
| Defendant-Appellee. : | |
| ──────────────────────────── | |

**ORDER**

Creditor, Vince Faridani ("Appellant") proceeding *pro se*, appeals the bankruptcy court's Judgment entered August 14, 2024, discharging the debt owed to him by debtor Barbara Joyce Reaves Smith ("Appellee"). In addition, Appellant filed a Motion for Default Judgment (Doc. 7), Motion to Strike Late Response (Doc. 8) ("Motion to Strike"), and a Motion for Judicial Notice of Publicly Filed Tax Lien Records (Doc. 14) ("Judicial Notice Motion" and together with the Motion for Default Judgment and Motion to Strike, the "Motions"). After laying out the background of this case, the Court addresses the Motions and then the issues on appeal.

**I.  BACKGROUND**

On March 16, 2018, Appellee signed a Promissory Note ("Note") payable to Appellant in the amount of Thirty Thousand ($30,000) Dollars, with interest at 8 percent per annum. (R. at 12–13,[1] [hereinafter "Note ___"]). The Note was secured by "15 percent of BJ Smith Events and Catering," ("BJ Catering"), a catering business owned and operated as a d/b/a by

---
[1] The Record in this appeal is located at ECF No. 2.

1

Appellee. (Note ¶ 4; Consol. Pre-Trial Order 75, R. at 72–80 [hereinafter "Consol Pre-Trial Order ___"]). The Note was due and payable in full on March 16, 2020. (Note ¶ 2). Appellee does not dispute that she defaulted on the Note. (Consol. Pre-Trial Order 76). On default, the interest rate due on the Note increased to 10 percent per annum. (Note ¶ 3).

After Appellee's default, Appellant pursued collection of the Note, and on July 27, 2022, he obtained a state court default judgment against Appellee in the total amount of $42,034.13. (R. at 14). On August 2, 2022, Appellant filed a Writ of Fieri Facias as to the default judgment in the Superior Court of Tift County, Georgia. (R. at 15).

On July 5, 2023, Appellee filed a chapter 7 bankruptcy petition in the Middle District of Georgia. On October 10, 2023, Appellant initiated Adversary Proceeding No. 23-7013, in Appellee's bankruptcy case by filing an objection to the discharge of the debt owed to him as a result of the defaulted Note. (R. at 8–11). A second amended objection was filed January 29, 2024. (R. at 16–20). Together the original objection filed October 10, 2023, and the second amended objection filed January 29, 2024, are referred to herein as the "Complaint."[2] Therein, Appellant asserted that his debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) which excludes debts for money to the extent obtained by false pretenses, a false representation, or actual fraud. In particular, Appellant asserted that Appellee induced him to lend her money based on Appellee's representation that the loan proceeds would be used in connection with her catering business, BJ Catering.

On July 24, 2024, the bankruptcy court held a bench trial in the Adversary Proceeding. (*See* text entry, Adv. No. 23-7013, July 24, 2024). On August 13, 2024, the bankruptcy court held a telephone conference at which it announced it findings and conclusions of law in favor of Appellee/Debtor ("Telephonic Order"). On August 14, 2024, a one-sentence Judgment was entered stating: "For the reasons stated from the bench in accordance with Federal Rules of Bankruptcy Rule 7052, the Court finds in favor of the Defendant." (*See* R. at 37).

On August 27, 2024, Appellant timely filed his Notice of Appeal in the bankruptcy court which was transmitted to this Court on August 28, 2024. Fed. R. Bankr. P. 8002(a)(1)

---

[2] The second amended objection incorporates by reference certain paragraphs of the original objection as well as certain paragraphs of a first amended objection. (Doc. 2 at 16). The bankruptcy court docket reflects that the first amended objection was filed in the Adversary Proceeding as Doc. 8 on November 9, 2023. However, neither Party designated the first amended objection as part of the Record on appeal. (*See* R. at 2, 87, 96).

2

(appeal from bankruptcy court decision must be filed within fourteen days after the Judgment is entered). Briefing has been completed and the appeal is ripe for decision.

## II. APPELLANT'S MOTIONS

Appellee did not respond to any of the Motions. Nevertheless, prior to granting any of these Motions, the Court must consider whether such Motion has merit. Based on a straightforward review of the Federal Rules of Bankruptcy Procedure as applied to the Motions and consideration of the issues on appeal, the Court finds that all of the Motions are without merit.

### A. Motion to Strike

Citing deadlines set out in the Clerk's Letter Regarding Bankruptcy Briefing Schedule (Doc. 3) ("Clerk's Letter"), Appellant contends Appellee's Brief (Doc. 6) was filed late and should, therefore, be stricken from the Record. Appellant contends that "[a]llowing a late response would prejudice the Appellant by delaying resolution and undermining the procedural rules designed to ensure the timely administration of justice."[3] (Doc. 8 at 3). As explained below, Appellant miscalculated the deadline, and therefore, the Motion to Strike is denied.

Appellant states that pursuant to the Clerk's Letter, Appellee's Brief was due 14 days after Appellant's Brief was served. (Doc. 4). Appellant calculates that his brief was filed on November 6, 2024, and therefore, Appellee's brief was due November 20, 2024. Appellant is incorrect as to the number of days an appellee has to file his brief. Consistent with Bankruptcy Rule 8018, the Clerk's Letter provides: "The appellee shall serve and file its brief within *30 days* after *service* of the appellant's brief." (Doc. 3 at 1 (emphasis added)); *see also* Fed. R. Bankr. P. 8018(a)(2) ("The appellee must serve and file a brief within 30 days after the appellant's brief is served.").

Appellant's certificate of service reflects that he mailed his brief to Appellee's counsel on November 2, 2024, making Appellee's Brief due Thursday, December 5, 2025—after

---

[3] Appellant also cites Federal Rule of Appellate Procedure 27 relating to filing of motions in an appeal. However, as stated in the Clerk's Letter, the deadlines for the briefs in this bankruptcy appeal are governed by Federal Rule of *Bankruptcy* Procedure 8018, and Bankruptcy Rule 8013 relates to filing motions in a bankruptcy appeal.

3

allowing for the three days mailing time. *See* Fed. R. Bankr. P. 9006(f) ("When a party may or must act within a specified time after being served and service is made by mail . . . , 3 days are added after the period would otherwise expire.") Thus, Appellee's Brief was timely filed on December 4, 2024.

Accordingly, the Motion to Strike Late Response (Doc. 8) is **DENIED**.

### B. Motion for Default Judgment

Appellant's Motion for Default Judgment (Doc. 7) is also based on his erroneous assertions that Appellee's Brief was filed late and presumes the Motion to Strike will be granted. Thus, for the same reasons stated above, the Court finds the Motion for Default Judgment (Doc. 7) lacks any merit whatsoever.[4] Further, entry of default judgment is not an appropriate remedy for an appellee's failure to file a brief in response to appellant's brief. Rather, the Bankruptcy Rules provide that "[a]n appellee who fails to file a brief will not be heard at oral argument unless the district court . . . grants permission." Fed. R. Bankr. P. 8018(a)(4).

Accordingly, Appellant's Motion for Default Judgment (Doc. 7) is **DENIED**.

---

[4] Appellant makes multiple assertions to the effect that the Appellee's alleged failure to timely file her brief "demonstrated contempt for this Court's rules and bad faith in her conduct." (Doc. 7 at 2). In his Reply Brief Appellant contends "Appellee's failure to comply with fundamental procedural rules, . . . underscores a lack of respect for the Court, the judicial process, and opposing counsel. This conduct exemplifies negligence and bad faith, warranting decisive action by this Court. . . . The Appellee's conduct reflects a troubling pattern of evasion and contempt for procedural norms, further compounding the prejudice already suffered by the Appellant." (Doc. 10 at 1). The Reply Brief is replete with similar comments. The Court finds such comments are unwarranted, particularly as Appellee's Brief was filed timely. Unsupported and mischaracterized assertions have no place in this Court.

Appellant contends that he "has adhered to all procedural requirements in good faith while seeking timely resolution of this matter." (Doc. 10 at 1). His assertion is misplaced. In fact, Appellant has failed to adhere to multiple procedural requirements. First, Appellant miscalculated the deadline for which he criticizes Appellee. Second, Appellant failed to follow Bankruptcy Rule 8015 which limited his principal brief to 30 pages. Appellant's Brief, taking into consideration pages allowed to be excluded, is 38 pages. More significant, Appellant failed to provide transcripts of the bench trial and the bankruptcy court's oral ruling and he attempts to include in this Record documents that were not part of the record before the bankruptcy court. Finally, Appellant's Brief contains multiple citations to cases that do not exist or he misstates the holdings of certain cases that do exist. These nonexistent citations not only cause the Court and opposing party extra work and a significant loss of time, but are an abuse of the adversary process which may be sanctionable under Bankruptcy Rule 9011 which conforms to Federal Rule of Civil Procedure 11.

### C. Judicial Notice Motion

Appellant requests the Court take judicial notice of alleged tax liens filed against Appellee that were active at the time the Note was executed. He contends the tax liens are relevant to this matter because they relate to Appellee's financial condition and questions of whether Appellee failed to disclose material financial obligations that affected her solvency and ability to repay the debt owed to Appellant.

Under Bankruptcy Rule 8009(e)(2), the record on appeal may be supplemented "[i]f anything material to either party is omitted from or misstated in the record by error or accident." Although the record on appeal is rarely enlarged "to include material not before the [lower] court which has labored without the benefit of the proffered material[,]" appellate courts have the discretion and "inherent equitable power to allow supplementation of the appellate record if it is in the interests of justice." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000) (citations and internal quotation marks omitted). A primary factor to consider in deciding whether to grant a motion to supplement the record is "whether acceptance of the proffered material into the record would establish beyond any doubt the proper resolution of the pending issues." *Id*.

In her brief, Appellee contends that Appellant did not raise arguments relating to alleged tax liens before the bankruptcy court, and as discussed in more detail below, the Appellant failed to provide a transcript of the bench trial or the bankruptcy court's oral ruling finding Appellant's debt dischargeable. The lack of a transcript makes it impossible to determine with certainty all and what issues were raised below. However, as Appellant is requesting that the Court supplement the Record by taking judicial notice of the alleged tax liens, it appears that Appellant did not submit tax liens into evidence as exhibits in the bench trial or other hearings before the bankruptcy court. If he had done so, there would be no need to request this Court take judicial notice of such documents because Appellant could have, and presumably would have, merely moved to supplement his designation to include submitted tax liens as part of the Record. Significantly, the copies of the alleged tax liens are not certified as true and correct and their source is not provided. In addition, there are several names listed in the tax liens; *i.e.*, Barbara J. Smith Vetrone, Barbara C. Vetrone, Barbara J. Smith, Barbara J. Vetrone, and Barbara Reaves Smith—calling into question, without evidence

in the Record, Appellant's assertion that all the liens are filed against Appellee. Therefore, the Court finds the authenticity of the purported records is questionable and no such liens have been designated as having been evidence submitted to the bankruptcy court. As such, the alleged tax liens now offered by Appellant would not establish beyond any doubt the proper resolution of the pending issues.

Not only were the purported tax liens not in evidence before the bankruptcy court, it is also doubtful that Appellant raised arguments relating to the alleged tax liens before the bankruptcy court. The Eleventh Circuit has "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by [the Eleventh Circuit]." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (issues not raised below are normally deemed waived). Similarly, issues raised for the first time on appeal before this Court will not be considered.

Thus, because the referenced tax liens were not in evidence nor considered by the bankruptcy court in making its decision, and the authenticity of the purported records is questionable, this Court declines to exercise its discretion to take judicial notice of or to accept them into the Record.

Accordingly, the Motion for Judicial Notice of Publicly Filed Tax Lien Records (Doc. 14) is **DENIED**.

### III.   ISSUES ON APPEAL

Appellant's Brief lists nine Statement of Issues. (Doc. 4 at 5). Five of those issues relate to Appellant's assertion that Appellee misrepresented BJ Catering as a legitimate entity and the bankruptcy court's exclusion of evidence which Appellant contends show unauthorized transfers and proof of BJ Catering's non-existence.

Appellant also asks whether "Appellee's history of financial irresponsibility—including prior bankruptcy filings and significant tax delinquencies—demonstrates a pattern of behavior that supports nondischargeability." (*Id.* at 2–3).

Next Appellant contends the bankruptcy court erred in failing to consider whether Appellee's misappropriation of funds to other unassociated entities reflect that Appellee abused her fiduciary duty and support finding Appellant's debt nondischargeable. (*Id.* at 3–4).

6

Finally, Appellant asks whether the bankruptcy court sufficiently considered the public interest in preventing misuse of bankruptcy protections. (*Id.* at 4).

Appellee asserts that Appellant raises for the first time on appeal his argument that Appellee committed fraud by deliberately misrepresenting BJ Catering as a "legitimate entity." (Doc. 6 at 8). Appellee contends that Appellant's other new arguments, including the relevancy of Appellee's prior bankruptcies and tax deficiencies; alleged unauthorized redirection of funds; alleged breach of fiduciary duty; and public policy considerations are unrelated to Appellant's original fraud in the inducement theory and are also arguments brought for the first time on appeal.

Thus, in effect, Appellee contends that none of the issues raised by Appellant in this appeal have been addressed by the bankruptcy court in the first instance, and thus none are properly before this Court for review.

## IV.   JURISDICTION AND STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 158(a)(1), this Court has jurisdiction to hear appeals from final judgments and orders of bankruptcy courts in this District. "The district court in reviewing the decision of a bankruptcy court functions as an appellate court." *Varsity Carpet Servs., Inc. v. Richardson* (*In re Colortex Indus., Inc.*), 19 F.3d 1371, 1374 (11th Cir. 1994). This Court reviews the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *Echeverry v. Weiner* (*In re Echeverry*), 720 F. App'x 598, 599 (11th Cir. 2018). Mixed questions of law and fact are also reviewed *de novo*. *Moecker v. Greenspoon, Marder, Hirschfeld, Rafkin, Ross, Gerger & Abrams Anton, P.A.* (*In re Lentek Int'l, Inc.*), 346 F. App'x. 430, 433 (11th Cir. 2009). "A factual finding is not clearly erroneous unless 'this court, after reviewing all of the evidence, is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (alterations adopted) (quoting *IBT Int'l, Inc. v. Northern* (*In re Int'l Admin. Servs., Inc.*), 408 F.3d 689, 698 (11th Cir. 2005). This Court is not "authorized to make independent factual findings; that is the function of the bankruptcy court." *Sussman v. Gaffney* (*In re Sussman*), 816 F. App'x 410, 414 (11th Cir. 2020) (per curiam) (citation and internal quotation marks omitted).

Because Appellant is proceeding *pro se*, his pleadings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, liberal construction of *pro se* filings does not require courts to ignore the Rules; "a party who proceeds

7

*pro se* must comply with the same procedural rules that other litigants must follow." *Diaz v. AT&T Mobility*, No. 1:10-CV-3356, 2013 WL 12098747, at *3-4 (N.D. Ga. July 19, 2013), *adopted by*, 2013 WL 12097948 (N.D. Ga. Aug. 9, 2013).

While it is true that *pro se* parties are given some leeway in the pleadings and motions filed in a federal court, *pro se* parties are still required to make their own arguments and provide supporting authority for those arguments. *See Butler v. Broward Cnty. Cent. Examining Bd.*, 367 Fed. App'x. 991, 992 (11th Cir. 2010) (per curiam) ("Courts are not allowed to act as de facto counsel, or to rewrite a deficient pleading.").

## V. LAW

11 U.S.C. § 523(a)(2)(A) excepts from discharge a debt for "money, . . . to the extent obtained by—false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition." To establish nondischargeability under § 523(a)(2)(A), Appellant had to prove the following by a preponderance of the evidence: "(1) that [Appellee] used false pretenses, or made a false representation, or committed actual fraud; (2) that he relied on [Appellee's] conduct; (3) that his reliance was justified; and (4) that [Appellee's] conduct caused his loss." *Harris v. Jayo* (*In re Harris*), 3 F.4th 1339, 1344 (11th Cir. 2021). Section 523(a)(2)(A) "requires justifiable, but not reasonable, reliance." *Field v. Mans*, 516 U.S. 59, 74-75 (1995). Appellant contends Appellee made false representations to obtain the loan. "The false pretense and false representation prongs of § 523(a)(2)(A) each require an intentional wrong—the false pretense or the false representation must have been knowingly and fraudulently made." *In re Harris*, 3 F.4th at 1345 (citation and internal quotation marks omitted). "[A]nything that counts as 'fraud' and is done with wrongful intent is 'actual fraud.'" *Husky Int'l Electronics, Inc. v. Ritz*, 578 U.S. 355, 356 (2016). Finally, intertwined with Appellant's burden to establish nondischargeability by a preponderance of the evidence "is the basic principle of bankruptcy that exceptions to discharge must be strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start." *In re Harris*, 3 F.4th at 1345.

## VI.  RECORD ON APPEAL AND DISCUSSION

When appealing a bankruptcy court order to the district court, the appellant must designate the items to be included in the record on appeal, including transcripts of oral rulings and any transcript ordered. *In re Echeverry*, 720 F. App'x at 599 (citing Fed. R. Bankr. P. 8009(a)(1)(A), (4)). "If the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant *must* include in the record a transcript of all relevant testimony and a copy of all relevant exhibits." Fed. R. Bankr. P. 8009(b)(5) (emphasis added). As noted above, a *pro se* litigant's pleadings are construed liberally, "but *pro se* litigants must nonetheless conform to procedural rules, including the requirement that an appellant provide relevant transcripts for the record on appeal." *In re Echeverry*, 720 F. App'x at 599-600 (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)). "[A]n appellant has the burden to ensure the record on appeal is complete, and where a failure to discharge that burden prevents [the appellate court] from reviewing the [lower] court's decision we ordinarily will affirm the judgment." *In re Echeverry*, 720 F. App'x at 600. This is referred to as the "absence-equals-affirmance rule." *Id.* (citation and internal quotation marks omitted); *see also Olick v. Kearney* (*In re Olick*), 466 B.R. 680, 694–95 (E.D. Pa. 2011) (affirming summary judgment where district court was unable to conduct a meaningful review of the bankruptcy court's order because appellant failed to provided relevant portions of transcript of hearing in which the lower court enumerated its analysis of the summary judgment motion), *aff'd*, 498 F. App'x 153 (3d Cir. 2012), *cert denied*, 571 U.S. 831 (2013).

Appellant included in the Record the bankruptcy court's one-sentence Judgment stating: "For the reasons stated from the bench in accordance with Federal Rules of Bankruptcy Rule 7052, the Court finds in favor of the Defendant." (R. at 87). The written Judgment neither includes the bankruptcy court's findings of fact nor its conclusions of law from which this Court can determine whether an error was made. In her brief, the Appellee "directs" the Court to the facts included in the Telephonic Order and provides a "verbatim" recitation of those facts in her brief. (Doc. 6 at 4–7). However, the Appellee's recitation within her brief does not constitute an official transcript on which the Court can rely. The Appellee too, may designate matters for the Record on appeal. Notably, unlike the Appellant, the Appellee is not required to designate certain parts of the Record, such as the transcript. Fed

9

R. Bankr. P. 8009(a)(2)(A) ("Within 14 days after being served, the appellee *may* file with the bankruptcy clerk and serve on the appellant a designation of additional items to be included in the record." (emphasis added)).

Thus, the Court's review of the bankruptcy court's decision is significantly hampered by Appellant's decision to ignore the requirements of the Bankruptcy Rules to provide the full evidentiary transcript of the bench trial and the oral transcript of the Telephonic Order.[5] Appellant's failure to provide the necessary transcripts "alone provides grounds for affirmance." *In re Sussman*, 816 F. App'x at 416 (citing Fed. R. Bankr. P. 8009(b)(1); Fed. R. App. P. 6(b)(2)(B)). In *Loren*, the Eleventh Circuit considered this issue for the first time as it applies to *pro se* litigants. 309 F.3d at 1304. In doing so, it noted that the Fifth and Ninth Circuits have applied Civil Rule 10(b)(2)—which has the same requirements as Bankruptcy Rule 8009(b)(5))—to preclude review when *pro se* litigants failed to supply trial transcripts in the appellate record. *Id.* Adopting the Fifth and Ninth Circuit viewpoints, the Eleventh Circuit held that "in this circuit . . . *pro se* appellants, like appellants represented by counsel, must provide trial transcripts in the appellate record to enable this court to review challenges to sufficiency of the evidence." *Id.* The Circuit affirmed the district judge's trial rulings in favor of appellee where *pro se* appellant failed to provide the trial transcripts. *Id.*

Appellant's failure also prevents the Court from ascertaining whether Appellee's argument that essentially all of Appellant's statements of issues and arguments here are new in that they were not raised before the bankruptcy court. *Access Now* 385 F.3d at 1331 ("issue not raised in the district court and raised for the first time in an appeal will not be considered"); *Tannenbaum*, 148 F.3d at 1263 (issues not raised below are normally deemed waived). Likewise, sitting as an appellate court reviewing the bankruptcy court's decision, this Court declines to consider matters that were not raised first before the bankruptcy court.

The Court notes that neither the Complaint nor the Consolidated Pre-Trial Order—some of the few documents that are in the Record—include allegations that BJ Catering is not a legitimate entity, that Appellee owed a fiduciary duty to Appellant, or that any alleged fiduciary duty was breached. In fact, in his Complaint and summary of the case in the

---

[5] As Appellant has recognized himself, "[t]he rules governing appellate proceedings are not optional guidelines but mandatory obligations designed to ensure the orderly and efficient administration of justice." (Doc. 10 at 2).

10

Consolidated Pre-Trial Order, Appellant states that BJ Catering was a d/b/a used by Appellee for her catering business. (*See* R. at 17, Am. Compl. (alleging loan was to be used in connection with Appellee's catering business which operated as a d/b/a under Appellee's individual name); R. at 75, Consol. Pre-Trial Order (same)). Thus, it appears that not only are these issues new, but for proper resolution they are highly dependent on specific facts which are not in the Record. This Court makes no new findings of fact for a Record that is incomplete for its meaningful review. Fact finding in a proceeding for appellate review is the province of the bankruptcy court. *In re Sussman*, 816 F. App'x at 414 (11th Cir. 2020).

Without the necessary transcripts and necessary record evidence, this Court cannot make a meaningful review of the bankruptcy court's decision, and Appellant cannot without support argue effectively from the record that a finding or conclusion of the bankruptcy court was unsupported by the evidence or was contrary to the evidence. *See* Fed. R. Bankr. P. 8009(b)(5); *see also Morrison v. Morrison*, 661 F. App'x 573, 575 (11th Cir. 2016) (finding that "[w]ithout a transcript, [appellant] could not argue on appeal to the district court that a finding or conclusion of the bankruptcy court was unsupported by the evidence or was contrary to the evidence[,]" and affirming district court. (alterations adopted) (internal quotation marks omitted)).

Accordingly, the bankruptcy court's Judgment is **AFFIRMED**.

**SO ORDERED**, this 10th day of September 2025.

**/s/ W. Louis Sands**  
**W. LOUIS SANDS, SR. JUDGE**  
**UNITED STATES DISTRICT COURT**
